*  *  *  *S E A L E D*  *  *  *

```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

 * * * * * * * * * * * * * * *
IN RE:                           )
Grand Jury Investigation         ) Case No. 18-34
United States of America,        )
Interested Party.                ) 10:37 a.m.
                                 ) June 29, 2018
                                 ) Washington, D.C.
 * * * * * * * * * * * * * * *
```

*  *  *  *SEALED*  *  *

**TRANSCRIPT OF PROCEEDINGS
BEFORE THE HONORABLE BERYL A. HOWELL,
UNITED STATES DISTRICT COURT CHIEF JUDGE**

**APPEARANCES:**

```
FOR THE GOVERNMENT:   AARON J. ZELINSKI
                      JEANNIE S. RHEE
                      SPECIAL COUNSEL
                      1400 I ST NW, Suite 325
                      Washington, D.C. 20005
                      (202) 737-3436


FOR THE WITNESS:      PAUL D. KAMENAR
(Via telephone)       1629 K Street, N.W., Suite 300
                      Washington, D.C. 20006
                      (301) 257-9435

ALSO PRESENT:         CURTIS HEIDE, Special Agent
                      MICHELLE TAYLOR


Court Reporter:       Elizabeth Saint-Loth, RPR, FCRR
                      Official Court Reporter
                      U.S. Courthouse
                      Washington, D.C.  20001
```

Proceedings reported by machine shorthand,
transcript produced by computer-aided transcription.

*  *  *  *SEALED*  *  *  *

*\* \* \* SEALED \* \* \**

1  P R O C E E D I N G S

2  THE DEPUTY: Hi, Mr. Kamenar. You are now
3  connected to our courtroom.
4  THE COURT: Ms. Gumiel, please call the case.
5  THE DEPUTY: Matter before the Court, Grand Jury
6  Case No. 18-34 in regard to a grand jury investigation for
7  the United States of America, interested party.
8  Counsel, please come forward. Mr. Kamenar, please
9  state your name for the record.
10  THE COURT: I am going to start with the
11  Government, as is the normal course.
12  MR. ZELINSKY: Thank you, Your Honor.
13  Aaron Zelinsky on behalf of the United States, and
14  Jeannie Rhee. With me at counsel table is Special Agent
15  Curtis Heide and Michelle Taylor from the FBI.
16  THE COURT: Thank you for being here in a timely
17  manner.
18  On the phone I have another lawyer. Can you
19  please state your full name for the record.
20  MR. KAMENAR: Yes. Paul Kamenar, K-A-M-E-N-A-R.
21  THE COURT: Could you explain to me why you are
22  not present in the courtroom?
23  MR. KAMENAR: Say again.
24  THE COURT: Could you explain to me why you are
25  not present in the courtroom?

*\* \* \* SEALED \* \* \**

1  MR. KAMENAR: Yes. Your Honor, I just found out
2  about it from the call from the clerk. I had a call from
3  Mr. Zelinsky yesterday afternoon, around three o'clock,
4  saying that the grand jury was being postponed and he's
5  proposing the scheduling on my motion; one on the
6  timeliness, on July 11th. And I think, depending upon that
7  briefing for that on the merits, based on the --
8  THE COURT: Okay. Mr. Kamenar.
9  Mr. Kamenar, you are going in and out. Are you
10  walking? Are you going -- walking around, pacing in your
11  room?
12  MR. KAMENAR: Yes.
13  THE COURT: If you are, please be still, and speak
14  carefully into the microphone on the telephone because this
15  is not only annoying that you are not in court pursuant to
16  the court order that was emailed to you yesterday; but it is
17  doubly annoying when you go in and out and I can barely hear
18  you. So sit still, and speak into the microphone.
19  MR. KAMENAR: I can call on a land line.
20  Can you hear me now?
21  THE COURT: Yes.
22  MR. KAMENAR: Is this audible? Otherwise, I can
23  call on the land line, if Your Honor prefers.
24  THE COURT: I can hear you now.
25  MR. KAMENAR: Okay. I will stay in this position,

1  Your Honor.

2  THE COURT: No. Excuse me, Mr. Kamenar. You are
3  still going in and out. You need to give a land line number
4  so that we can reach you.

5  MR. KAMENAR: Yes. The land line number is
6  301-986-9435; and I'll stand by to pick that up in a minute.

7  THE DEPUTY: Okay.

8  (Whereupon, the proceeding pauses. The deputy
9  initiates phone communication via land line number. Attempt
10 unsuccessful.)

11 THE COURT: Call the cell phone again.

12 (Whereupon, the proceeding pauses. The deputy
13 initiates phone communication via mobile telephone number.)

14 THE COURT: All right. Mr. Kamenar, is this your
15 cell phone again?

16 MR. KAMENAR: Yeah. This is my cell phone. I
17 think there is a problem with my land line. They -- I had
18 Verizon out here yesterday.

19 THE COURT: Okay. Well, I'm beginning to feel
20 personally the frustration that the Special Counsel's Office
21 has had in trying to reach lawyers for this witness. So
22 this is really unusual conduct for federal court
23 proceedings.

24 Mr. Kamenar, is your email address
25 Paul.Kamenar@gmail.com.

1     MR. KAMENAR:  Yes.  That's one of them.
2     THE COURT:  Well, that is the one that you have
3  placed on the motion that you filed.  Do you check that
4  email address?  That is the email address to which the
5  court's order was issued.  So please explain to me --
6     MR. KAMENAR:  Right.
7     THE COURT:  -- why it is that you are not present
8  in court this morning?
9     MR. KAMENAR:  Okay.  I apologize, Your Honor.
10    Let me just briefly discuss the situation.  First
11 of all --
12    THE COURT:  No.  I asked a specific question.
13    Why are you not in court this morning when the
14 court order was sent to your email address of record
15 yesterday?
16    MR. KAMENAR:  Okay.  I got a call from
17 Mr. Zelinsky yesterday afternoon.
18    THE COURT:  Mr. Zelinsky has nothing to do with
19 this.  This was an email with a court order sent directly to
20 your email address of record.
21    Why are you not here this morning?
22    MR. KAMENAR:  Okay.  Okay.  Your Honor, I am not
23 here because I did not see the court's order.  I apologize.
24    My email in Gmail does roll over to my AOL
25 account, and I have always had that done.

*\* \* \* S E A L E D \* \* \**

1       What time -- I may have missed that in the email.
2  Usually, when there is an issue like this, opposing counsel
3  will alert -- and this is why -- let me explain --
4       THE COURT:  Okay.  Let me just tell you right now,
5  Mr. Kamenar, in my court you are expected to monitor your
6  email, particularly in a sealed matter.  And when the Court
7  orders you to be here in court for a hearing your presence
8  is required.
9       MR. KAMENAR:  Yes, Your Honor.  I apologize.
10       THE COURT:  You were sent an email at 5:09
11  yesterday, and I expected your presence in court today.
12       MR. KAMENAR:  Your Honor, again, I apologize.
13       I can be there within the hour or any time today,
14  if that fits Your Honor and opposing counsel's schedule.
15  But I assure you that this won't happen again.
16       I just wanted to explain that I was told by
17  counsel --
18       THE COURT:  Well, you have been forewarned,
19  Mr. Kamenar.
20       The witness in this case is not the only party
21  that may be held in contempt for failure to comply with a
22  court order.
23       MR. KAMENAR:  Okay.
24       THE COURT:  When the Court orders your presence in
25  court, I expect you to be here, subject to all of the

*\* \* \* SEALED \* \* \**

1   inherent powers of contempt that this Court holds.
2           All right.  The reason I have called you here
3   today is because I did receive the status report about the
4   conferring between the parties about scheduling briefing on,
5   Mr. Kamenar, your motion on behalf the grand jury witness.
6           MR. KAMENAR:  Yes.
7           THE COURT:  And I have a number of questions about
8   this proposal --
9           MR. KAMENAR:  Yes.
10          THE COURT:  -- starting with dividing timeliness
11  from the merits of the motion, which makes little sense to
12  me.  But I wanted to make sure I wasn't missing something
13  here, which is why I called you all in to explain it to
14  me --
15          MR. KAMENAR:  Sure.
16          THE COURT:  -- because, apparently, you all agreed
17  to it.  So it must make sense to you, even though it doesn't
18  to me.
19          Then, with respect to the substantive briefing on
20  the motion, I don't understand the dates that are put
21  forward there.  Those dates don't comply with our local
22  rules under local Criminal Rule 47; 14 days for opposition,
23  7 days for a reply.  On grand jury proceedings, I generally
24  speed those up.
25          Okay.  So I will start with Mr. Zelinsky.

1    Could you explain to me how it is that you want to
2    divide timeliness from the substantive motion when -- you
3    think -- given a substantive motion that the whole grand
4    jury subpoena is invalid due to the unconstitutional
5    appointment of the issuing authority, I can just ignore that
6    and decide the motion to compel on timeliness factors?
7        I don't really --
8        MR. ZELINSKY:  Your Honor, I will -- let me
9    explain a little bit of why the Government proposed that.
10   And, obviously, the Government has come today with some
11   additional dates for a briefing schedule that would brief it
12   all together, if the Court would prefer.
13       THE COURT:  We're definitely going to brief it all
14   together.
15       But, explain to me, am I missing something about
16   this timeliness issue?
17       I mean, I just finished a sentence involving an
18   appeal waiver where -- after the *Class* -- after the Supreme
19   Court's decision recently in *Class* saying, you know, if the
20   charge to which a defendant was convicted is
21   unconstitutional or is not -- I mean, an appeal waiver in a
22   guilty plea isn't going to waive that issue.
23       So how is it that -- you know, the Supreme Court
24   can hold that, and I'm supposed to say, what?  A grand jury
25   subpoena is possibly invalid?  I should just proceed with

*\* \* \* SEALED \* \* \**

1   the timeliness issue?

2   MR. ZELINSKY:  Your Honor, the Government's
3   argument is that the motion filed by Mr. Kamenar yesterday
4   is in fact a motion for reconsideration of the Court's
5   earlier order.  It is not a second motion to quash.  The
6   Court has already heard argument on the motion to quash, has
7   already denied a motion to quash.

8   The arguments raised by Mr. Kamenar could have
9   been raised earlier by the witness.  There is no change of
10  circumstances justifying bringing up new arguments for
11  reconsideration at this time.

12  THE COURT:  Yes.  And so I understand -- I did
13  sort of fathom that that was probably going to be your
14  timeliness argument, that he's waived his constitutional
15  challenge to the authority of the Special Counsel to issue
16  subpoenas.

17  But that's why I referenced the *Class* case where
18  the Supreme Court said:  With respect to actual convictions
19  they wouldn't acknowledge a waiver of appellate rights to
20  avoid considering the underlying constitutionality of the
21  actual charge.

22  So if the Supreme Court could find that waiver
23  argument doesn't work in an actual conviction situation,
24  when there is a question about the underlying
25  constitutionality of the charge, why is it that you think

1  that that same analogous reasoning wouldn't apply in a
2  situation involving issuance of the grand jury subpoena?
3           MR. ZELINSKY:  Well, the conviction obviously
4  bears with it significantly more implications for the
5  defendant including, obviously, incarceration, a follow on
6  rights that are taken away; that is not the case for a grand
7  jury subpoena, where the harm to the individual is merely
8  having to arrive to testify.
9           So in the case of a criminal conviction, there are
10 added implications and concerns.
11          THE COURT:  But the contempt -- the contempt -- if
12 the witness wanted to dispute the lawfulness of the grand
13 jury subpoena, the penalty would be that the witness would
14 be facing -- contempt would result in a loss of liberty.  I
15 am not going to belabor the point.  These issues --
16 timeliness is not an issue that I am going to consider
17 separately from the underlying merits of the motion.
18          MR. ZELINSKY:  Understood, Your Honor.
19          THE COURT:  Would it have been nice to have gotten
20 that argument when we were here last -- when was that,
21 June 18 -- to have considered it then, rather than delaying
22 even longer the appearance of this witness before the grand
23 jury?  Yes.  But perhaps they didn't think of it until they
24 read the Concord brief, which makes up a substantial part of
25 the briefing on the motion.

1   So let me just give you some -- my reaction so you
2   can both respond to it -- to your proposal.  Most of this
3   motion is predicated entirely on the Concord motion.  And as
4   I understand, even though it's not apparent on the docket of
5   the Concord matter -- but as I understand the briefing
6   schedule in that case, the Concord -- the Government's
7   opposition in the concord briefing is due July 16th, where
8   as, here, you have proposed sometime later, July 20th.  And
9   the Concord reply is due July 30th in the Concord matter;
10  whereas, here, you have suggested a reply on July 27th.
11          So if this briefing on this case were aligned with
12  the Concord briefing schedule, both dates would be
13  different.  So is that what you are proposing?
14          MR. ZELINSKY:  Your Honor, our attempt is to move
15  this witness through grand jury as rapidly as possible.
16          THE COURT:  Great.  Because I didn't like the
17  Concord briefing schedule for this matter.
18          I do like to move grand jury matters as promptly
19  as possible.  And so what I would propose to the parties to
20  move this up, and to resolve these issues as promptly as
21  possible, is that the Government's opposition to the brief
22  be filed July 10th; the reply be due July 16th.
23          Any hearing on the motion will be July 18th, with
24  a resolution shortly thereafter.
25          MR. ZELINSKY:  Your Honor, we would respectfully

1   request that while we are interested in moving the witness's
2   testimony along as quickly as possible, that the Concord
3   briefing -- because of the issues that it raises, and the
4   fact that it's being litigated in two different courts in
5   this district -- that we align the briefing schedule, at
6   least for the Government's response, for when the Concord
7   brief is due, that is, July 16th for the Government's
8   response.  So that -- we can make sure that everything is as
9   linked up as possible with those two briefs so that this
10  Court and Judge Friedrich are not seeing any different
11  arguments or any differentiations.  So we would respectfully
12  request that our brief in this matter be due on July 16th,
13  the same as in the Concord matter.
14          THE COURT:  All right.  I mean, having quickly
15  reviewed the Concord briefing since, of course, we just got
16  this yesterday, I didn't -- I found that that briefing
17  didn't address a number of things that needed to be
18  addressed.  So I don't actually know that that Concord
19  briefing is going to be as helpful to me as, perhaps, it may
20  be to another judge in another matter with a pending
21  Indictment.
22          So, I mean, we could follow that briefing.  But
23  I'm telling you, you know, I am not sure that -- that
24  briefing didn't address various statutes that may be at
25  issue here.  So --

1  MR. ZELINSKY: That is correct, Your Honor.

2  In terms of the Government's litigation timetable,
3  having received, as the Court noted, this motion for
4  reconsideration very late, the Government does request,
5  given our litigation schedule in Concord, that we submit our
6  brief on that same day -- that July 16th be the date for us
7  to submit our response.

8  THE COURT: Why did you suggest a date that was
9  after that in this case?

10  MR. ZELINSKY: We had suggested a date after that
11  in this case because we had hoped that it would be possible
12  to decide this on the narrow grounds that it hadn't been
13  raised when the witness had been given the opportunity.

14  If that was decided by the Court on the 13th, then
15  we would have given ourselves a week to be able to make sure
16  that we had appropriately addressed any other arguments that
17  we may have foreseen that arose.

18  Obviously, we can move that time schedule up to
19  the 16th so that we can address it just as rapidly as we can
20  the same constitutional arguments that are echoed in the
21  Concord briefing.

22  THE COURT: All right. Mr. Kamenar, since you
23  seem to be piggybacking on the Concord briefs anyway, do you
24  want to just follow the Concord briefing schedule?

25  MR. KAMENAR: I certainly would. I think that's

1    very --

2            THE COURT: I can't understand you. Slow down and

3    speak clearly into the microphone.

4            MR. KAMENAR: Yes. Yes, Your Honor.

5            I agree with Your Honor's suggestion that having

6    the briefs in tandem makes imminent sense for all of the

7    parties; and I agree with that.

8            I understand, Your Honor, you want to move the

9    grand jury proceeding along. I was just suggesting in my

10   motion that maybe this whole thing be held in abeyance

11   pending that, but, certainly, there are obviously two

12   different judges in the same court, and there may be two

13   different orders coming out on that motion. But I certainly

14   agree that the briefing at the same time in tandem makes

15   imminent sense.

16           Can you hear me?

17           THE COURT: Yes. I'm thinking about this because

18   this is not really in accord with my schedule.

19           MR. KAMENAR: Okay.

20           THE COURT: I am going to direct the parties --

21   the Government to submit its opposition on July 10. Any

22   reply is due July 16. The hearing will be July 18.

23           MR. ZELINSKY: Thank you, Your Honor.

24           THE COURT: All right. We're going to move this

25   along.

1  MR. KAMENAR: Very well, Your Honor.
2  THE COURT: All right. Is there anything further
3  today?
4  MR. ZELINSKY: Nothing further from the
5  Government, Your Honor.
6  THE COURT: Mr. Kamenar.
7  MR. KAMENAR: No, Your Honor. I think that's it.
8  No. I have nothing further, Your Honor.
9  THE COURT: All right. I would pay attention to
10 your emails. In a sealed case, as a courtesy to the
11 lawyers, we send orders by email rather than by snail mail.
12 So pay attention to your emails, Mr. Kamenar.
13 MR. ZELINSKY: Your Honor, there is one minor
14 objection --
15 MR. KAMENAR: Yes, Your Honor. I will.
16 May I ask one further question?
17 THE COURT: No. Mr. Zelinsky is going forward.
18 MR. KAMENAR: I'm sorry.
19 MR. ZELINSKY: The Government would like to voice
20 its concern that, while Mr. Kamenar was unable to attend
21 today, Mr. Kamenar has been able to put out a number of
22 press releases on this case --
23 THE COURT: I have noticed.
24 MR. ZELINSKY: -- including updating Newsweek as
25 to the proposed status that was filed by the parties in

1   between our conversations.  So Mr. Kamenar is certainly able
2   to speak at length to individuals about this case if not
3   this Court.
4           THE COURT:  Well, I'm going to look forward to his
5   independent thinking in connection with his reply to your
6   motion -- your opposition.
7           MR. ZELINSKY:  Thank you, Your Honor.
8           THE COURT:  All right.
9           MR. KAMENAR:  Yes.  Your Honor, may I ask a
10  question?
11          THE COURT:  I will see you all on July 18th at
12  9:30.
13          MR. KAMENAR:  Your Honor, this is Mr. Kamenar.
14  May I ask you a question?
15          THE COURT:  Yes.
16          MR. KAMENAR:  Hello.  Yes.
17          Is it permissible to let -- obviously, my client,
18  but others inquiring about the date to let them know just of
19  the dates of the argument?
20          THE COURT:  This is a grand jury matter.
21          MR. KAMENAR:  I understand, Your Honor.
22          THE COURT:  And under the Federal Rules of
23  Criminal Procedure 6(e)(5), plus our local Criminal
24  Rule 6.1, all hearings on matters affecting a grand jury
25  proceeding shall be closed.

1       MR. KAMENAR: Your Honor --

2       THE COURT: There is an exception for contempt
3  proceedings in which the alleged contemnor requests a public
4  hearing. But are you saying that litigation over the
5  validity of the grand jury subpoena is a contemnor
6  proceeding --

7       MR. KAMENAR: No, Your Honor.

8       THE COURT: -- that would qualify for an exception
9  under both our local criminal rules and the Federal Rules of
10 Criminal Procedure?

11      MR. KAMENAR: No. Your Honor, you may have
12 misunderstood me.

13      All I'm asking me is whether or not the dates of
14 the upcoming hearing that you have just set -- is that
15 violating Rule 6? To let my client and others know that
16 date has been set -- because there has been inquiry why
17 there wasn't a grand jury proceeding this morning. So I
18 just wanted to --

19      THE COURT: Mr. Kamenar, let me explain to you
20 again. Federal Rule of Criminal Procedure 6(e)(5) and local
21 Criminal Rule 6.1 require that all hearings on matters
22 affecting a grand jury proceeding shall be closed with an
23 exception for contempt proceedings in which the alleged
24 contemnor requests a public hearing.

25      MR. KAMENAR: Yes, Your Honor.

1   THE COURT: Are you saying that this is a contempt
2   proceeding right now that falls within the exception to the
3   federal criminal rule and the local criminal rule?
4   MR. KAMENAR: Your Honor --
5   THE COURT: Can you respond to my question?
6   MR. KAMENAR: No. I am not saying that this is a
7   contemnor --
8   THE COURT: Then I think that should answer your
9   question, that it's covered by Rule 6(e).
10  MR. KAMENAR: Yes. In all due respect, Your
11  Honor, I'm just asking whether the date of the hearing --
12  not the hearing itself -- can be released. I don't intend
13  to disclose anything in the hearing or anything of the grand
14  jury, just simply the date of the hearing itself.
15  THE COURT: Mr. Kamenar, I think you have answered
16  your own question by saying that this is not a contempt
17  proceeding.
18  Is there anything further today from the
19  Government?
20  MR. ZELINSKY: No, Your Honor.
21  THE COURT: And for the grand jury witness?
22  Mr. Kamenar, anything further from the witness?
23  MR. KAMENAR: No nothing further.
24  THE COURT: All right.
25  Okay. You are all excused.

*\*  \*  \* SEALED \* \* \**

1  MR. KAMENAR:  Thank you, Your Honor.

2  (Whereupon, the proceeding concludes, 11:02 a.m.)

3  \* \* \* \* \*

4  **CERTIFICATE**

6  I, ELIZABETH SAINT-LOTH, RPR, FCRR, do hereby

7  certify that the foregoing constitutes a true and accurate

8  transcript of my stenographic notes, and is a full, true,

9  and complete transcript of the proceedings to the best of my

10  ability.

13  Dated this 6 th day of July, 2018.

15  /s/ Elizabeth Saint-Loth, RPR, FCRR
    Official Court Reporter

*\* \* \* SEALED \* \* \**