UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

IN RE GRAND JURY INVESTIGATION

Grand Jury Action No. 18-34 (BAH)

**Filed Under Seal**

## GOVERNMENT'S AMENDED MOTION FOR PUBLIC RELEASE OF OPINION WITH REDACTIONS

The United States of America, by Robert S. Mueller, III, Special Counsel, files this motion for public release of the Court's July 31, 2018 Memorandum Opinion in this matter with redactions. Proposed redactions are attached to the motion.

1. The witness in this case moved to quash a grand jury subpoena by challenging the authority of the Special Counsel under the Constitution's Appointments Clause. That motion raised novel legal issues that this Court is the first to address. Although the Local Rules of this Court appear not to address the standards for publication of an opinion, the standards that would apply under the court of appeals' rules would suggest that publication of the Court's July 31, 2018 Memorandum Opinion would be appropriate. *Cf.* D.C. Cir. R. 36(c) (describing the D.C. Circuit's policy "to publish opinions and explanatory memoranda that have general public interest," including where "with regard to a substantial issue it resolves, it is a case of first impression or the first case to present the issue in this court"). The same considerations would justify its public release.

2. Under Rule 6(e)(6) of the Federal Rules of Criminal Procedure, "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." In

this instance, the Court's opinion, if redacted to remove information that identifies the witness and his counsel, will not reveal a matter occurring before the grand jury. It will reveal only the existence of grand jury proceedings conducted by the Special Counsel pursuant to the investigation assigned to him by the Acting Attorney General. While in some circumstances the mere existence of a grand jury investigation would itself be protected by Rule 6(e) as a matter occurring before a grand jury, in the context of this investigation—in which several indictments have been returned— it likely is not protected. In any event, the Court has authority to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." Fed. R. Crim. P. 6(e)(3)(E)(i). Here, appropriate redactions can protect against revealing the substance of any matter occurring before the grand jury. The vast majority of the opinion addresses purely legal issues that do not involve or reveal the subject of any grand jury inquiry. Accordingly, the release of an appropriately redacted opinion poses no appreciable risk of infringing on the strong policy interests supporting grand jury secrecy. *See Douglas Oil Co. of Cal. v. Petrol Stops Northwest*., 441 U.S. 211, 218 (1979) (noting reasons why the Supreme Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings," including the risk of chilling prospective witnesses from coming forward or testifying fully; the risk of flight or grand-juror tampering; and the danger of revealing the identity of subjects who are investigated but not indicted).

    3. To protect grand jury secrecy concerns, the government believes that the only redactions required are footnotes 6-8, on pages 19-20 and 22, which identify the witness and the witness's attorneys. For the Court's convenience, the government is attaching .pdf files that show these redactions in proposed and final form. The government does not believe that it is necessary to

redact Part E of the Background Section (pp. 19-23), which recites the history of the subpoenas at issue, but do not identify the witness by name. *See In re Grand Jury Subpoena (Miller)*, 438 F.3d 1128, 1140 (D.C. Cir. 2006) ("grand jury secrecy covers the identities of witnesses or jurors, the substance of testimony as well as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like") (internal quotation marks omitted); *see, e.g., In re Grand Jury Investigation*, No. 17-mc-2336 (BAH), 2017 WL 4898143, at *2-*6 (D.D.C. Oct. 2, 2017). It may well be that, to the extent that the witness or his attorneys have spoken publicly about this matter, the public may be able to infer the identity of the witness referenced in this opinion. But the government does not believe that this possibility requires redaction of additional information in the opinion that on its face does not reveal a matter occurring before the grand jury. *Cf. In re Grand Jury Subpoena (Miller)*, 493 F.3d 152, 154-155 (D.C. Cir. 2007) (per curiam) (releasing redacted information that had been disclosed "by grand jury witnesses themselves" to the press); *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 505 (D.C. Cir. 1998) (witness's "attorney virtually proclaimed from the rooftops that his client had been subpoenaed to testify before the grand jury"). Nevertheless, if the Court wishes to redact the procedural history, the government does not object.

    4. The government has conferred with counsel for the witness with respect to this motion. Counsel has represented that "while the name of the witness and [counsel's] identities have been publicly released and do not pose a risk to revealing grand jury matter on its face (*see In re Grand Jury Subpoena (Miller)* and *In re Motions of Dow Jones & Co.*), [counsel] nevertheless do not object to those identities from being redacted." Counsel for the witness has also stated that "since the procedural history in Section E goes into some length of the various subpoenas issued, the objections lodged as to the burdensome nature of the document request, and subsequent resolution

at a hearing, that information in [counsel's] opinion reveals 'strategy and direction of the investigation' (*In re Grand Jury Subpoena (Miller)*) and matters before the grand jury and should be redacted."

A proposed order accompanies this amended motion.

                                        Respectfully submitted,

                                        ROBERT S. MUELLER, III
                                        Special Counsel

Dated: August 1, 2018         By:   /s/_____
                                        Michael R. Dreeben
                                        Jeannie S. Rhee
                                        Adam C. Jed
                                        Aaron S.J. Zelinsky