**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

**IN RE GRAND JURY INVESTIGATION**

Grand Jury Action No. 18-34 (BAH)

**Filed Under Seal**

**JOINT RECOMMENDATION OF UNSEALING WITH REDACTIONS**

The United States of America, by Robert S. Mueller, III, Special Counsel, files this joint recommendation for unsealing the transcripts and documents currently under seal in this sealed grand jury matter, in accordance with this Court's Memorandum and Order of August 2, 2018, ECF No. 26  ("Mem. Order").

1.  On July 31, 2018, this Court denied a grand jury witness's motion to quash grand jury subpoenas.  ECF Nos. 22, 23.  On August 1 and 2, 2018, the Special Counsel filed a motion and amended motion for public release of that opinion, ECF Nos. 24, 25, which on August 2, 2018, this Court granted, directing that the July 31, 2018 Memorandum Opinion be docketed and released publicly with the redactions that that Special Counsel proposed.  ECF No. 26.  The Court further ordered that "the Special Counsel and the witness review the docket in this sealed grand jury matter and, after conferring, notify the Court, by August 8, 2018, as to any other transcript or document currently under seal that they recommend unsealing."  *Id.* at 7.

2.  The Special Counsel and the witness have reviewed the docket and conferred, and recommend unsealing the following materials at this time, with the limited redactions noted below. The minute orders and the docket itself do not reveal matters occurring before the grand jury and can be unsealed in their entirety.  Items not listed below should remain sealed, in the parties' view,

to protect against disclosure of matters occurring before the grand jury.  Fed. R. Crim. P. 6(e)(6).

With the exceptions noted below, the parties are in agreement on these recommendations.

| DATE | ECF # | DOCKET TEXT (PARAPHRASED) | REDACTIONS PROPOSED |
|---|---|---|---|
| 6/18 | 4 | Witness's opposition to motion to compel | The witness would unseal Part III (pp. 14-17) only; the government would not unseal this filing |
| 6/28 | 10 | Motion to quash | The parties would not unseal Exhibits 1-3, which contain grand jury subpoenas and therefore are covered by Rule 6(e) |
| 6/29 | 11 | Status report by the United States | None |
| 7/2 | 13 | Motion for permission to obtain transcript | None |
| 7/2 | 15 | Order granting motion for permission to obtain transcript | None |
| 7/6 | 16 | Sealed corrected transcript (6/29) | The government would unseal this transcript as not containing 6(e) material; the witness would not unseal it on the basis that "there is no public interest in it since [the] result is reflected in the briefing order" |
| 7/6 | 17 | Sealed transcript (6/29) | Same as ECF No. 16 |
| 7/10 | 18 | Memorandum in opposition to motion to quash | The parties would redact (not unseal) the first full paragraph on page 8, as it reflects a matter occurring before the grand jury; otherwise ECF No. 18 can be unsealed |
| 7/18 | 19 | Reply to opposition to motion to quash | None |
| 7/19 | 20 | Post-hearing submission by witness | None |
| 7/19 | 21 | Letter from Special Counsel's Office | None |

| DATE | ECF # | DOCKET TEXT (PARAPHRASED) | REDACTIONS PROPOSED |
|------|-------|---------------------------|---------------------|
| 7/31 | 22 | Order denying witness's motion to quash | None |
| 8/1 | 24 | Motion for public release of opinion with redactions | None |
| 8/2 | 25 | Amended motion for public release of opinion with redactions | None |
| 8/2 | 26 | Memorandum granting unsealing motion | None |
| 8/2 | 27 | Redacted Memorandum and Order | Unseal footnote 6 to the extent it states "The witness is Andrew Miller."; remaining language to remain under seal. Unseal footnotes 7 and 8 (see discussion below) |

3.   Under Rule 6(e)(6) of the Federal Rules of Criminal Procedure, "[r]ecords, orders, and subpoenas relating to grand-jury proceedings must be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury."  As the Court's August 2, 2018 Memorandum and Order noted with respect to its July 31, 2018 opinion, "the disclosure of the events and legal issues discussed in the [opinion] will not reveal a matter occurring before the grand jury"; "[r]ather, disclosure will reveal only the existence of grand jury proceedings conducted by the Special Counsel pursuant to the investigation assigned to him by the Acting Attorney General, which investigation has been widely publicized since its initiation."  Mem. Order at 6 (internal quotation marks and citation omitted).  The government's motion and amended motion for public release of the Court's opinion (ECF Nos. 24, 25) proposed redactions of the name of the witness and his counsel in order to protect matters occurring before the grand jury.  *See In re Grand Jury Subpoena (Miller)*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) ("grand jury secrecy covers the identities of witnesses or jurors, the substance of testimony as well

4

as actual transcripts, the strategy or direction of the investigation, the deliberations or questions of jurors, and the like") (internal quotation marks omitted).

But the government now believes—and the witness agrees—that the witness's name and his counsel's identity need not remain sealed to protect grand jury secrecy. 438 F.3d at 1140 ("Our case law . . . reflects the common-sense proposition that secrecy is no longer 'necessary' when the contents of grand jury matters have become public."); *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ("There must come a time . . . when information is sufficiently widely known that it has lost its character as Rule 6(e) material. The purpose in Rule 6(e) to is preserve secrecy. Information widely known is not secret."). The name of the witness and his counsel are now widely reported in the press, *see, e.g.,* Ann E. Marimow & Manuel Roig-Franzia, *Aide to Trump Confidant Roger Stone Ordered to Appear Before Mueller Grand Jury*, Wash. Post Aug. 2, 2018. Given that, the parties believe that this information no longer falls within the protection of Rule 6(e). *See In re Grand Jury Subpoena (Miller)*, 493 F.3d 152, 154-155 (D.C. Cir. 2007) (per curiam) (releasing redacted information that "by grand jury witnesses themselves" had been released to the press).[*]

Respectfully submitted,

ROBERT S. MUELLER, III
Special Counsel

Dated: August 8, 2018          By:     /s/
                                      Michael R. Dreeben
                                      Jeannie S. Rhee
                                      Adam C. Jed
                                      Aaron S.J. Zelinsky

---

[*] Because the information in question "has lost its character as Rule 6(e) material," *In re North*, 16 F.3d at 1245, due to widespread public knowledge, the government does not believe it necessary to rely on *In re Craig*, 131 F.3d 99 (2d Cir. 1997), or similar principles to support disclosure, or that the Court need further consider Federal Rule of Criminal Procedure 6(e)(3)(E)(i) (permitting disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding"), *see* Mem. Order 4; *cf. In re: Grand Jury*, 490 F.3d 978, 986 (D.C. Cir. 2007) (per curiam) (grand jury hearing itself may qualify as "a judicial proceeding").