# U.S. District Court
# District of Columbia (Washington, DC)
# CIVIL DOCKET FOR CASE #: 1:18−gj−00034−BAH

| | |
|---|---|
| IN RE: GRAND JURY INVESTIGATION<br>Assigned to: Chief Judge Beryl A. Howell<br>Cause: Civil Miscellaneous Case | Date Filed: 06/13/2018<br>Nature of Suit: 890 Other Statutory Actions<br>Jurisdiction: U.S. Government Plaintiff |

**In Re**

**GRAND JURY INVESTIGATION**

**Interested Party**

**UNITED STATES OF AMERICA** represented by **Aaron Simcha Jon Zelinsky**
DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Avenue
Washington, DC 20004
(202) 616−0800
Email: asjz@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jeannie Sclafani Rhee**
U.S. DEPARTMENT OF JUSTICE
Special Counsel's Office
950 Pennsylvania Ave. NW
Washington, DC 20530
Email: jsr@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Material Witness**

**ANDREW MILLER** represented by **Alicia I. Dearn**
BELLATRIX PC
231 S Bemiston Avenue
Suite 850, #56306
St. Louis, MO 63105
(314) 526−0040
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael D.J. Eisenberg**
LAW OFFICES OF MICHAEL D.J. EISENBERG
700 12th Street, NW
Suite 700

Washington, DC 20005  
(202) 558–6371  
Fax: (202) 403–3430  
Email: michael@eisenberg–lawoffice.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

**Paul Douglas Kamenar**  
LAW OFFICE OF PAUL D. KAMENAR  
1629 K Street, NW  
Suite 300  
Washington, DC 20006  
(202) 603–5397  
Fax: (202) 588–0386  
Email: paul.kamenar@gmail.com  
*LEAD ATTORNEY*  
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 06/14/2018 | | | MINUTE ORDER (paperless) ISSUING, upon consideration of the government's 1 Motion to Compel and for Order to Show Cause, the following SCHEDULING ORDER to control further proceedings: (1) by 5 p.m. on Thursday, June 14, 2018, Andrew Miller shall file any response to the government's motion; (2) by 12 p.m. on Friday, June 15, 2018, the government shall file any reply; (3) at 2 p.m. on Monday, June 18, 2018, the parties shall appear before Chief Judge Beryl A. Howell for a hearing on the government's motion. The government is DIRECTED to provide opposing counsel with a copy of this Order. Signed by Chief Judge Beryl A. Howell on June 13, 2018.(lcbah1) (Entered: 06/14/2018) |
| 06/14/2018 | | | MINUTE ORDER (paperless) MODIFYING the scheduling order as follows: by 5 p.m. today, Thursday, June 14, 2018, Andrew Miller shall file any response to the government's 1 motion either (1) through the Clerk's Office or (2) to Howell_Chambers@dcd.uscourts.gov, and then through the Clerk's Office by 9:30 a.m. on Friday, June 15, 2018. Should Mr. Miller submit his response via email, he shall simultaneously provide the government a copy. The scheduling order otherwise remains unchanged. Signed by Chief Judge Beryl A. Howell on June 14, 2018. (lcbah1) (Entered: 06/14/2018) |
| 06/18/2018 | | | MINUTE ORDER (paperless) GRANTING the witness's 6 Motion for Admission *Pro Hac Vice*. Ms. Alicia Dearn may enter an appearance *pro hac vice* for the purpose of representing the witness in this action. Signed by Chief Judge Beryl A. Howell on June 18, 2018. Counsel have NOT been notified. (lcbah4) (Entered: 06/18/2018) |
| 06/18/2018 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Motion Hearing held on 6/18/2018. Order forthcoming. (Court Reporter Elizabeth Saint–Loth.) (ztg) (Entered: 06/18/2018) |
| 06/18/2018 | | | MINUTE ORDER (paperless) GRANTING, upon consideration of the parties' filings, the hearing held on June 18, 2018, and the entire record herein, the government's 1 Motion to Compel and for Order to Show Cause Why the |

| | | | |
|---|---|---|---|
| | | | Witness Should Not Be Held in Contempt for Failure to Appear before the Grand Jury as Required by Subpoena and 2 Supplemental Motion to Compel and for Order to Show Cause, and DENYING AS MOOT the witness's 4 Motion to Quash, or, in the Alternative, Modify Grand Jury Subpoenas, in light of the government's agreement in its 3 Reply Motion to Compel ("Gov't Reply") to "limit the subpoena for documents to the search terms proposed by" the witness. Gov't Reply at 1. Accordingly, the witness is DIRECTED to appear before the grand jury on June 29, 2018, unless the parties notify the Court of an alternate arrangement. The witness is further DIRECTED, by 12:00 p.m. on June 25, 2018, to perform the searches as agreed to by the parties on the record and in their filings and produce the results of those searches to the government. Signed by Chief Judge Beryl A. Howell on June 18, 2018. Counsel have NOT been notified. (lcbah4) (Entered: 06/18/2018) |
| 06/28/2018 | 10 | | MOTION to Quash THE GRAND JURY SUBPOENAS, MOTION to Stay COURTS JUNE 18, 2018, MINUTE ORDER, MOTION RELIEVE HIM FROM ANY FURTHER DUTY TO PRODUCE ADDITIONAL DOCUMENTS COVERED BY THE SUBPOENAS by ANDREW MILLER (Attachments: # 1 Text of Proposed Order, # 2 Text of Proposed Order)(zrdj) (Entered: 06/28/2018) |
| 06/28/2018 | | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the witness's 10 Motion to Quash, the parties to confer and, by 5 PM today, June 28, 2018, propose a schedule to control further proceedings in this matter. Signed by Chief Judge Beryl A. Howell on June 28, 2018. (lcbah1) (Entered: 06/28/2018) |
| 06/28/2018 | | | MINUTE ORDER (paperless) DIRECTING the parties to appear, at 10:15 a.m. on Friday, June 29, 2018, before Chief Judge Beryl A. Howell in Courtroom 22. Signed by Chief Judge Beryl A. Howell on June 28, 2019. (lcbah1) (Entered: 06/28/2018) |
| 06/29/2018 | 11 | | STATUS REPORT by UNITED STATES OF AMERICA. (zrdj) (Entered: 06/29/2018) |
| 06/29/2018 | | | MINUTE ORDER (paperless) ISSUING, upon consideration of the government's 11 Status Report, the following scheduling order to govern further proceedings in this matter: (1) by July 10, 2018, the government shall file any opposition to the witness's 10 Motion to Quash; (2) by July 16, 2018, the witness shall file any reply to the government's opposition; (3) at 9:30 AM on July 18, 2018, the parties shall appear before Chief Judge Howell in Courtroom 22. Signed by Chief Judge Beryl A. Howell on June 29, 2018. (lcbah1) Modified on 6/29/2018 (tg). (Entered: 06/29/2018) |
| 06/29/2018 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Status Conference held on 6/29/2018. (Court Reporter Elizabeth Saint−Loth.) (ztg) (Entered: 07/02/2018) |
| 07/02/2018 | 13 | | MOTION FOR PERMISSION TO OBTAIN THE TRANSCRIPT OF THE SEALED HEARING ON JUNE 29, 2018 by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 07/02/2018) |
| 07/02/2018 | 15 | | ORDER granting 13 Motion FOR PERMISSION TO OBTAIN THE TRANSCRIPT OF THE SEALED HEARING ON JUNE 29, 2018. Signed by Chief Judge Beryl A. Howell on 7/2/2018. Copy(s) made available to counsel of record.(zrdj) (Entered: 07/02/2018) |

| | | | |
|---|---|---|---|
| 07/06/2018 | 16 | | SEALED CORRECTED TRANSCRIPT OF PROCEEDINGS before Chief Judge Beryl A. Howell held on 6/18/2018; Page Numbers: 1–15. Court Reporter/Transcriber Elizabeth Saint–Loth. (zrdj) (Entered: 07/09/2018) |
| 07/06/2018 | 17 | | SEALED TRANSCRIPT OF PROCEEDINGS before Chief Judge Beryl A. Howell held on 6/29/2018; Page Numbers: 1–19. Court Reporter/Transcriber Elizabeth Saint–Loth. (zrdj) (Entered: 07/09/2018) |
| 07/17/2018 | 19 | | REPLY to opposition to motion re 10 MOTION to Quash MOTION to Stay MOTION RELIEVE HIM FROM ANY FURTHER DUTY TO PRODUCE ADDITIONAL filed by ANDREW MILLER. (zrdj) (Entered: 07/18/2018) |
| 07/18/2018 | | | Minute Entry for proceedings held before Chief Judge Beryl A. Howell: Status Hearing held on 7/18/2018. (Court Reporter Lisa Moreira.) (ztg) (Entered: 07/18/2018) |
| 07/19/2018 | 20 | | Post–Hearing Submission by ANDREW MILLER (zrdj) (Entered: 07/19/2018) |
| 07/19/2018 | 21 | | Letter to the Court from Aaron S. J. Zelinsky from Aaron S. J. Zelinsky (zrdj) (Entered: 07/19/2018) |
| 07/31/2018 | 22 | 8 | ORDER denying the witness's 10 Motion to Quash. See Order for further details. Signed by Chief Judge Beryl A. Howell on July 31, 2018. (lcbah1) (Entered: 07/31/2018) |
| 08/01/2018 | 24 | | MOTION Public Release of Opinion with Redactions by UNITED STATES OF AMERICA (Attachments: # 1 Att A, # 2 Att B, # 3 Text of Proposed Order)(zrdj) (Entered: 08/02/2018) |
| 08/02/2018 | 25 | | Amended MOTION for Public Release of Opinion with Redactions by UNITED STATES OF AMERICA (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 08/02/2018) |
| 08/02/2018 | 26 | 9 | MEMORANDUM AND ORDER granting the government's 24 Motion for Public Release of Opinion with Redactions and 25 Amended Motion for Public Release of Opinion with Redactions. See Order for further details. Signed by Chief Judge Beryl A. Howell on August 2, 2018. Certified copy(s) made available to counsel of record. (lcbah4) (Entered: 08/02/2018) |
| 08/08/2018 | 30 | | JOINT RECOMMENDATION OF UNSEALING WITH REDACTIONS (zrdj) (Entered: 08/08/2018) |
| 08/08/2018 | | | MINUTE ORDER (paperless) DIRECTING, upon consideration of the parties' 30 Joint Recommendation of Unsealing With Redactions, the parties, by 5 PM today, August 8, 2018, to notify the Court of their recommendation as to whether their Joint Recommendation, as well as their response to this Minute Order, should be unsealed. Signed by Chief Judge Beryl A. Howell on August 8, 2018.(lcbah1) (Entered: 08/08/2018) |
| 08/08/2018 | 31 | | JOINT RECOMMENDATION OF UNSEALING REGARDING ECF 30 by UNITED STATES OF AMERICA (zrdj) (Entered: 08/08/2018) |
| 08/08/2018 | 32 | | ORDER regarding the parties' 30 and 31 Joint Recommendations of Unsealing. See Order for further details. Signed by Chief Judge Beryl A. Howell on August 8, 2018.(zrdj) (Entered: 08/08/2018) |
| 08/08/2018 | | | |

| | | | |
|---|---|---|---|
| | | | ***Case Unsealed pursuant to 32 Order, Signed by Chief Judge Beryl A. Howell on August 8, 2018 (zrdj) (Entered: 08/08/2018) |
| 08/09/2018 | 33 | | SEALED MOTION filed by ANDREW MILLER. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 08/09/2018) |
| 08/10/2018 | 34 | | SEALED DOCUMENT filed by UNITED STATES OF AMERICA. (This document is SEALED and only available to authorized persons.)(zrdj) (Entered: 08/10/2018) |
| 08/10/2018 | 35 | | SEALED Response filed by UNITED STATES OF AMERICA re 33 SEALED MOTION filed by ANDREW MILLER. (This document is SEALED and only available to authorized persons.) (zrdj) (Entered: 08/10/2018) |
| 08/10/2018 | 36 | | CONTEMPT ORDER. Signed by Chief Judge Beryl A. Howell on 8/10/2018. (This document is SEALED and only available to authorized persons.) (ztg) Modified on 8/13/2018 (ztg). (Entered: 08/10/2018) |
| 08/13/2018 | 37 | | SEALED REPLY TO OPPOSITION filed by ANDREW MILLER re 33 SEALED MOTION filed by ANDREW MILLER. (This document is SEALED and only available to authorized persons.) (This document is SEALED and only available to authorized persons.)(Kamenar, Paul) (Entered: 08/13/2018) |
| 08/13/2018 | 38 | | SEALED MOTION filed by UNITED STATES OF AMERICA. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order)(zrdj) (Entered: 08/13/2018) |
| 08/13/2018 | 39 | 6 | NOTICE OF APPEAL TO DC CIRCUIT COURT as to 26 Order on Motion for Miscellaneous Relief, 22 Order on Motion to Quash, Order on Motion to Stay, Order on Motion for Miscellaneous Relief and 36 CONTEMPT ORDER Signed by Chief Judge Beryl A. Howell on 8/10/2018 by ANDREW MILLER. Filing fee $ 505, receipt number 0090−5635918. Fee Status: Fee Paid. Parties have been notified. (Kamenar, Paul) Modified on 8/13/2018 to add linkage and to indicate that this notice of appeal is not under seal.(ztnr) (Entered: 08/13/2018) |
| 08/13/2018 | 40 | | SEALED ORDER re 38 SEALED MOTION filed by UNITED STATES OF AMERICA. (This document is SEALED and only available to authorized persons.) by Chief Judge Beryl A. Howell on 8/13/2018.(zrdj) (Entered: 08/13/2018) |
| 08/14/2018 | | | Transmission of the Notice of Appeal, Order Appealed (Memorandum Opinion), and Docket Sheet to US Court of Appeals in paper format. The Court of Appeals fee was paid this date re 39 Notice of Appeal to DC Circuit Court. (jf) (Entered: 08/14/2018) |

# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **IN THE MATTER OF** <br> **GRAND JURY INVESTIGATION** | **UNDER SEAL** <br><br> No. 18-GJ-34 (BAH) |

## NOTICE OF APPEAL OF ANDREW MILLER

Pursuant to Rules 3 and 4 of the Federal Rules of Appellate Procedure, Andrew Miller, through his undersigned attorney, hereby files this Notice of Appeal to the United States Court of Appeals for the District of Columbia Circuit of the Order of Civil Contempt issued by Chief Judge Beryl A. Howell of the U.S. District Court for the District of Columbia on August 10, 2018, holding Mr. Miller in civil contempt of court for failing to appear and testify before the Grand Jury on August 10, 2018.  ECF No. 36.  A corrected order was issued and docketed on August 13, 2018.  ECF No. 38.

Mr. Miller also appeals and seeks review of the District Court's Order and Memorandum Opinion issued under seal on July 31, 2018, dismissing his Motion To Quash (ECF No. 22) which was subsequently unsealed with redactions on August 2, 2018 (ECF No. 26).

    Respectfully submitted,

    */s/ Paul D. Kamenar*

                                            Paul D. Kamenar, D.C. Bar #914200
                                            1629 K Street, N.W.
                                            Suite 300
                                            Washington, D.C. 20006
                                            (301) 257-9435
                                            (301) 656-6562 (facsimile)
                                            paul.kamenar@gmail.com

                                            *Counsel for Andrew Miller*

Date: August 13, 2018

| | |
|---|---|
| *In re* GRAND JURY INVESTIGATION . | Grand Jury Action No. 18-34 (BAH) |
| | Chief Judge Beryl A. Howell |
| | **FILED UNDER SEAL** |

## ORDER

Upon consideration of the witness, Andrew Miller's, Second Motion to Quash Subpoena, ECF No. 10, the related legal memoranda in support and opposition to this motion, the exhibits attached thereto, the arguments presented at the hearing held on July 18, 2018, and the entire record herein, for the reasons set out in the accompanying Memorandum Opinion, it is hereby

**ORDERED** that the witness's Second Motion to Quash is **DENIED**; and it is further

**ORDERED** that Andrew Miller is directed, pursuant to the grand jury subpoenas served by the Special Counsel, to appear before the grand jury to provide testimony at the earliest date available to the grand jury, and to complete production of the subpoenaed records promptly.

**SO ORDERED.**

Date: July 31, 2018

_____
BERYL A. HOWELL
Chief Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *In re* GRAND JURY INVESTIGATION | Grand Jury Action No. 18-34 (BAH)<br><br>Chief Judge Beryl A. Howell |

## MEMORANDUM AND ORDER

Pending before the Court is the Special Counsel's Motion for Public Release of Opinion with Redactions ("Gov't's Mot."), ECF No. 24, and Amended Motion for Public Release of Opinion with Redactions ("Gov't's Am. Mot."), ECF No. 25, requesting the unsealing of this Court's July 31, 2018, Memorandum Opinion ("Mem. Op."), ECF No. 23, denying a grand jury witness's motion to quash grand jury subpoenas. Since this Memorandum Opinion concerns a grand jury matter, that decision, as well as "all other papers filed in support of or in opposition to" the motion to quash the grand jury subpoenas, were filed under seal, as required under Local Criminal Rule 6.1 and Federal Rule of Criminal Procedure 6(e). As directed by the Court, the Special Counsel conferred with counsel for the witness regarding the pending motions to unseal, and has represented that the witness consents to these motions but requests additional redactions beyond those redactions proposed by the Special Counsel. *See* Gov't's Am. Mot. ¶ 4. Upon review of the Special Counsel's motions and the entire record herein, the Special Counsel's motions are granted.

The Special Counsel first served the witness with grand jury subpoenas to produce documents and appear before the grand jury on May 10, 2018. *See* Mem. Op. at 19. On June 28, 2018, after several disagreements and adjournments and one motion to compel, the witness filed

a motion to quash the two pending grand jury subpoenas with which he had been served. *Id.* at 22. After receiving briefing on the witness's motion and hearing oral argument, the Court denied the witness's motion in all respects on July 31, 2018. *Id.* at 92. The Special Counsel now seeks "public release of the Court's July 31, 2018 Memorandum Opinion in this matter with redactions," Gov't's Am. Mot. at 1, of "footnotes 6–8, on pages 19–20 and 22, which identify the witness and the witness's attorneys," *id*. ¶ 3.

Federal Rule of Criminal Procedure 6(e) prohibits the disclosure of "matter[s] occurring before the grand jury" and requires that "[r]ecords, orders, and subpoenas relating to grand-jury proceedings [ ] be kept under seal to the extent and as long as necessary to prevent the unauthorized disclosure of a matter occurring before a grand jury." FED. R. CRIM. P. 6(e)(2)(B), (e)(6). Nevertheless, grand jury material may be disclosed under various exceptions listed in Rule 6(e), which provides that a "court may authorize disclosure," "at a time, in a manner, and subject to any other conditions that it directs," of grand jury material "preliminarily to or in connection with a judicial proceeding," among other circumstances. FED. R. CRIM. P. 6(e)(3)(E)(i).

Further, as this Court and numerous other courts have recognized, "a district court retains an inherent authority to unseal and disclose grand jury material not otherwise falling within the enumerated exceptions to Rule 6(e)." *In re App. to Unseal Dockets Related to Indep. Counsel's 1998 Investigation of President Clinton* ("*In re App. to Unseal*"), 308 F. Supp. 3d 314, 323 (D.D.C. 2018) (Howell, C.J.) (collecting cases); *see also Carlson v. United States*, 837 F.3d 753, 763 (7th Cir. 2016) ("Rule 6(e) is 'but declaratory' of the long-standing 'principle' that 'disclosure' of grand jury materials is 'committed to the discretion of the trial court.'" (quoting *Pittsburgh Plate Glass Co. v. United States*, 360 U.S. 395, 399 (1959))); *In re Craig*, 131 F.3d 99, 103 (2d Cir. 1997) ("[P]ermitting departures from Rule 6(e) is fully consonant with the role

of the supervising court and will not unravel the foundations of secrecy upon which the grand jury is premised."); *In re Petition to Inspect & Copy Grand Jury Materials*, 735 F.2d 1261, 1268 (11th Cir. 1984) ("[I]t is certain that a court's power to order disclosure of grand jury records is not strictly confined to instances spelled out in [Rule 6(e)]."). The Court's inherent authority to unseal grand jury matter is reflected in Local Criminal Rule 6.1, which expressly provides that "[p]apers, orders and transcripts of hearings subject to this Rule, or portions thereof, may be made public by the Court on its own motion or on motion of any person upon a finding that continued secrecy is not necessary to prevent disclosure of matters occurring before the grand jury." LCrR 6.1. While the "D.C. Circuit has not specifically addressed the question of whether courts have inherent authority to order the release of grand jury records in circumstances not enumerated by Rule 6(e)," *In re Petition of Kutler*, 800 F. Supp. 2d 42, 47 (D.D.C. 2011), the D.C. Circuit has affirmed the district court's exercise of this inherent disclosure authority, *see Haldeman v. Sirica*, 501 F.2d 714, 715 (D.C. Cir. 1974) (indicating "general agreement" with the district court's exercise of inherent authority to disclose grand jury material).[1]

The D.C. Circuit has yet to provide guidance to district courts exercising their inherent authority to disclose grand jury materials outside of Rule 6(e).[2] Judges on this Court have therefore turned to a "non-exhaustive list of factors that a court may consider when making such an assessment," *Kutler*, 800 F. Supp. 2d at 47, outlined by the Second Circuit in *Craig*, which is not cited by the Special Counsel. *See also In re App. to Unseal*, 308 F. Supp. 3d at 326. These factors include:

---

[1] This question is currently pending before the D.C. Circuit. *See McKeever v. Sessions*, No. 17-5149 (D.C. Cir. filed June 26, 2017); *In re App. to Unseal Dockets*, No. 18-5142 (D.C. Cir. filed May 18, 2018).

[2] The D.C. Circuit has stated, in *dicta*, that "even if there were once a common law right of access to [grand jury] materials . . . , the common law has been supplanted by Rule 6(e)(5) and Rule 6(e)(6) of the Federal Rules of Criminal Procedure." *In re Motions of Dow Jones & Co.*, 142 F.3d 496, 504 (D.C. Cir. 1998). The Circuit has not explained, however, how a district court should proceed when confronted by a situation in which the enumerated exceptions in Rule 6(e) do not apply.

> (i) the identity of the party seeking disclosure; (ii) whether the defendant to the grand jury proceeding or the government opposes the disclosure; (iii) why disclosure is being sought in the particular case; (iv) what specific information is being sought for disclosure; (v) how long ago the grand jury proceedings took place; (vi) the current status of the principals of the grand jury proceedings and that of their families; (vii) the extent to which the desired material—either permissibly or impermissibly—has been previously made public; (viii) whether witnesses to the grand jury proceedings who might be affected by disclosure are still alive; and (ix) the additional need for maintaining secrecy in the particular case in question.

*Kutler*, 800 F. Supp. 2d at 47–48 (quoting *Craig*, 131 F.3d at 106).[3]

In this case, none of the circumstances enumerated in Rule 6(e)(3) appears to be applicable. The Special Counsel contends that disclosure is permissible under Rule 6(e)(3)(E), Gov't's Mot. ¶ 2, which permits the Court to "authorize disclosure—at a time, in a manner, and subject to any other conditions that it directs—of a grand-jury matter . . . preliminarily to or in connection with a judicial proceeding." FED. R. CRIM. P. 6(e)(3)(E)(i). The D.C. Circuit has stated that a petitioner seeking disclosure under this provision must show that "(1) 'material [sought] is needed to avoid a possible injustice in another judicial proceeding'; (2) 'the need for disclosure is greater than the need for continued secrecy'; and (3) 'the request is structured to cover only material so needed.'" *In re Sealed Case*, 801 F.2d 1379, 1381 (D.C. Cir. 1986) (Scalia, J.) (alteration in original) (quoting *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 443 (1983)). The Special Counsel does not cite *In re Sealed Case* or discuss these requirements. In particular, the Special Counsel has not established that disclosure of the Memorandum Opinion "is needed to avoid a possible injustice in *another* judicial proceeding," *id.* (emphasis added; internal quotation marks omitted), and has not explained the injustice that would be prevented by the disclosure. Certainly, the Court is aware that substantially similar legal issues have been raised in a pending Motion to Dismiss an Indictment in *United States v. Internet Research*

---

[3] These factors substantially overlap with those identified in *United States v. Hubbard*, 650 F.2d 293, 317–22 (D.C. Cir. 1980), but are framed to target more specifically the grand jury context.

*Agency, LLC*, No. 18-cr-32 (DLF) (D.D.C. filed Feb. 16, 2018), since the witness in this matter incorporated and relied heavily on the briefing in that case. Yet, the Special Counsel does not identify that criminal case as "another judicial proceeding" in which disclosure of the Memorandum Opinion is necessary to avoid an injustice, and, in any event, given that the Memorandum Opinion issued in this matter is not binding authority for the presiding Judge in that criminal case, the Special Counsel would be hard pressed—had the effort been made, which it was not—to show how injustice would be avoided absent unsealing. Thus, the Special Counsel has not shown that disclosure under Rule 6(e) is appropriate.

Nevertheless, the *Craig* factors counsel in favor of disclosing the Memorandum Opinion. Regarding the first and second factors—the identity of the party seeking disclosure and whether the defendant to the grand jury proceeding or the government opposes the disclosure—the Special Counsel seeks disclosure with certain factual information redacted, and the witness largely consents to that disclosure. *See* Gov't's Am. Mot. ¶ 4.[4] The third and fourth factors— why disclosure is being sought in the particular case and what specific information is being sought for disclosure—likewise favor disclosure, given that the specific information sought to be released is a Memorandum Opinion, the "vast majority" of which "addresses purely legal issues that do not involve or reveal the subject of any grand jury inquiry." *Id.* ¶ 2. The Memorandum Opinion also resolves "novel legal issues that this Court is the first to address" and that are of "general public interest," *id.* ¶ 1 (quoting D.C. Cir. R. 36(c)(2) (explaining that an opinion will

---

[4] The witness consents to disclosure but requests additional redactions beyond those proposed by the Special Counsel. *See* Gov't's Am. Mot. ¶ 4. Specifically, the witness seeks the redaction of Part I.E of the Memorandum Opinion, Mem. Op. at 19–23, which discusses the procedural history of the subpoenas and proceedings at issue, because that information "reveals strategy and direction of the investigation," Gov't's Am. Mot. ¶ 4 (internal quotation marks and citation omitted). This information is important background information necessary to understand the discussion in the Memorandum Opinion of the Special Counsel's timeliness argument. *See* Mem. Op. at 24–26. In addition, to the extent that Part I.E reveals that the grand jury requested documents from the witness, that information alone is not sufficiently probative of the details of the Special Counsel's investigation or tactics to warrant the redaction of this section of the Memorandum Opinion.

be published if "it is a case of first impression or the first case to present the issue in this court" or if "it warrants publication in light of other factors that give it general public interest," among other circumstances)), thus weighing in favor of disclosure. *See also EEOC v. Nat'l Children's Ctr., Inc.*, 98 F.3d 1406, 1409 (D.C. Cir. 1996) (noting that the "presumption in favor of public access to judicial proceedings" is "especially strong" for judicial opinions) (internal quotation marks omitted).

Regarding the fifth and sixth *Craig* factors—how long ago the grand jury proceedings took place and the current status of the principals of the grand jury proceedings—the grand jury investigation, of which this witness is a part, is still ongoing, but the disclosure of the events and legal issues discussed in the Memorandum Opinion "will not reveal a matter occurring before the grand jury." Gov't's Am. Mot. ¶ 2. Rather, disclosure "will reveal only the existence of grand jury proceedings conducted by the Special Counsel pursuant to the investigation assigned to him by the Acting Attorney General," *id.*, which investigation has been widely publicized since its initiation. As to the seventh and eighth *Craig* factors—the extent to which the material has been previously made public and whether witnesses who might be affected by disclosure are still alive—the witness's counsel has represented that "the name of the witness and [counsel's] identities have been publicly released." *Id.* ¶ 4 (alteration in original). The witness is therefore unlikely to be subject to any detrimental impact by further disclosure of the Memorandum Opinion. In addition, the legal issues resolved in the Memorandum Opinion have been fully and publicly briefed in a pending criminal matter also arising from the same Special Counsel's investigation and are already in the public sphere. *See United States v. Internet Research Agency, LLC*, No. 18-cr-32 (DLF) (D.D.C. filed Feb. 16, 2018). Finally, the additional need for maintaining secrecy in this particular case is low, given that the grand jury investigation at issue

has been widely publicized and the witness's and his counsel's names have already been publicly released by the witness's counsel.

Accordingly, it is hereby

**ORDERED** that the Special Counsel's Motion and Amended Motion are **GRANTED**; and it is further

**ORDERED** that the July 31, 2018, Memorandum Opinion shall be docketed and released publicly with the redactions proposed by the Special Counsel; and it is further

**ORDERED** that the Special Counsel and the witness review the docket in this sealed grand jury matter and, after conferring, notify the Court, by August 8, 2018, as to any other transcript or document currently under seal that they recommend unsealing.

Date: August 2, 2018

_____
BERYL A. HOWELL
Chief Judge

7

15