# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

IN RE GRAND JURY INVESTIGATION

Grand Jury Action No. 18-34 (BAH)

**Filed Under Seal**

## JOINT MOTION TO UNSEAL CONTEMPT ORDER

The United States of America, by Robert S. Mueller, III, Special Counsel, files this joint motion to unseal the contempt order issued by this Court on August 10, 2018. ECF No. 36. An appeal from the contempt order is pending before the D.C. Circuit, and the witness wishes to include the contempt order in his appendix, which is due on Monday, September 10.

1. On July 31, 2018, this Court denied a grand jury witness's motion to quash grand jury subpoenas. ECF Nos. 22, 23. On August 1 and 2, 2018, the government filed a motion and amended motion for public release of that opinion, ECF Nos. 24, 25, which on August 2, 2018, this Court granted, directing that the July 31, 2018 Memorandum Opinion be docketed and released publicly with the redactions that the government proposed. ECF No. 26. Pursuant to this Court's orders (ECF No. 26 at 7 and 8/7/18 Minute Order), the government and witness filed joint recommendations as to unsealing the docket and additional docket entries. ECF Nos. 30, 31. On August 8, the Court unsealed the docket and various docket entries. ECF No. 32.

2. On August 10, 2018, following briefing by the parties and a hearing before the Court, the Court held the witness in civil contempt, ordered that the witness be confined, and stayed the contempt order until August 14, with the stay to remain in place pending appeal if the witness filed a notice of appeal by that time. ECF No. 36. On August 13, the witness filed a notice of appeal.

ECF No. 39. The appeal of the contempt order is pending before the D.C. Circuit. No. 18-3052 (D.C. Cir.). The witness's opening brief and appendix are due on September 10.

      3. The government and the witness jointly request that the Court unseal the August 10 contempt order. Almost all of the factual background outlined in the contempt order appears in the Court's July 31 Memorandum Opinion denying the witness's motion to quash. And the additional facts disclose only legal events—such as the witness again failing to appear, the witness moving to be held in contempt, the government moving to compel and for an order to show cause, and the Court holding the witness in contempt. Even if otherwise covered by Federal Rule of Criminal Procedure 6(e), the facts outlined in the August 10 contempt order have been made public, either in the unsealed July 31 opinion or press coverage of the subsequent contempt order and pending appeal. *See In re Grand Jury Subpoena (Miller)*, 438 F.3d 1138, 1140 (D.C. Cir. 2006) ("Our case law . . . reflects the common-sense proposition that secrecy is no longer 'necessary' when the contents of grand jury matters have become public."); *In re North*, 16 F.3d 1234, 1245 (D.C. Cir. 1994) ("The purpose in Rule 6(e) to is preserve secrecy. Information widely known is not secret.").[*]

      Respectfully submitted,

      ROBERT S. MUELLER, III
      Special Counsel

Dated: September 5, 2018    By:  /s/_____
      Michael R. Dreeben
      Jeannie S. Rhee
      Adam C. Jed
      Aaron S.J. Zelinsky

---

[*] Because the witness wishes to include this contempt order in a public filing in the D.C. Circuit, and because of the minimal interest in protecting the content of the order, the Court could alternatively order it unsealed pursuant to Federal Rule of Criminal Procedure 6(e)(3)(E)(i) (permitting disclosure of grand jury material "preliminarily to or in connection with a judicial proceeding").